```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SHANE C. BUCZEK,

                    Petitioner,
     -vs-                                  No. 10-CV-383(MAT)
                                           ORDER
CONSTRUCTIVE STATUTORY TRUST
DEPOSITORY TRUST CORPORATION
DONALD F. DONAHUE
UNITED STATES MARSHALS
JOHN CLARK and BRYAN MATTEWS
UNITED STATES PROBATION
JOSEPH GIACOBBE
UNITED STATES OF AMERICA
ERIC H. HOLDER
BEHAVIORAL INTERVENTIONS
B.I. WILLIAM COOPER CFO,

                    Respondents.
_____
```

## I.  Background

Pro se petitioner Shane C. Buczek ("Buczek" or "Petitioner") has filed an application styled as a petition for habeas relief under 28 U.S.C. § 2241.[1] He challenges the constitutionality of his conviction, following a guilty plea on March 25, 2010, to one count of violating 18 U.S.C. 401(3) (contempt of court) in this Court (Skretny, J.). He was sentenced, on November 5, 2010, to a term of 12 months in federal custody. See United States v. Buczek, No. 09-CR-0141S (W.D.N.Y.).

---

[1] The petition asserts the same grounds for relief that are raised in Buczek's two other habeas proceedings pending in this Court, Buczek v. Constructive Statutory Trust, et al., 10-CV-0382(MAT) (W.D.N.Y.), and Buczek v. Constructive Statutory Trust, et al., 10-CV-0384(MAT) (W.D.N.Y.).

On May 7, 2010, prior to being sentenced in his criminal case, Petitioner instituted this habeas proceeding asserting the following arguments: "since no probable cause affidavit was issued", there was a Fourth Amendment violation and "jurisdiction ceased" (issue one); the District Court lacks jurisdiction over him due the failure to achieve a quorum in Congress when the federal courts were established ("the Quorum Issue") (issue two); the "actions of the lower court judge violate 28 U.S.C. § 455" (issue three); the judge "is not an Article III judge and therefore cannot sentence" (issue four); and the alleged "sale of conviction bonds [by the District Court] renders the proceedings void" (issue five).

Buczek then filed what he deemed an Amended Petition, extensively arguing the Quorum Issue and raising two additional arguments. First, Buczek speculated that since the Government allegedly "concealed material evidence" in the cases against former Alaska Senator Ted Stevens and former Alabama Governor Don Siegelman, then the attorneys for the Government necessarily must have concealed material exculpatory evidence in his case. Asserting without support that there exists "classified information" about him at several federal agencies, Buczek alleged as his second amended ground for relief that the Government violated the so-called Classified Information Procedures Act.

Buczek also has filed a Motion for Judgment on the Pleadings; a Motion to Take Judicial Notice of the Determination by the

-2-

Department of Justice that "Title 18 (1948) [sic] is Unconstitutional and of the Fair Warning Doctrine"; and a "Motion/Petition for Determination of a Question of Jurisdiction".

The Government has filed a pre-answer Motion to Dismiss the Petition and Amended Petition, asserting, <u>inter alia</u>, that the issues raised therein are not proper grounds for relief under 28 U.S.C. § 2241 but rather must be raised, if at all, in a Section 2255 motion to set aside the sentence.

**II.  Petitioner's Applications Seek Relief Under 28 U.S.C. § 2255**

Title 28, Section 2255 provides that a defendant may move the sentencing court to vacate, set aside, or correct the sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. A petition for writ of habeas corpus under 28 U.S.C. § 2241 is utilized only in limited situations, not present here, such as actions challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, and imprisonment allegedly beyond the expiration of a sentence. <u>Jiminian v. Nash</u>, 245 F.3d 144, 146-47 (2d Cir. 2001). It is well-settled law in this Circuit that am application pursuant to § 2241 "generally challenges the

execution of a federal prisoner's sentence," not the imposition of the sentence itself. Id.

In the Government's pending motion to dismiss, it has urged the Court to warn Buczek that his Petition and Amended Petition must be treated as a collateral attack under 28 U.S.C. § 2255; offer him the opportunity to withdraw them; and caution him that if he does not do so, they will be treated as a collateral attack and will count as the one collateral attack allowed to each prisoner. See 28 U.S.C. § 2244; Adams v. United States, 155 F.3d 582 (2d Cir. 1998) (per curiam).

In Adams, the Second Circuit cautioned district courts against converting mislabeled habeas applications in light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244, which prohibits second or successive applications for the writ of habeas corpus without the circuit court's permission. The Second Circuit instructed s not to recharacterize a motion purportedly made under some other rule or statute as a motion made under 28 U.S.C. § 2255 unless (a) the petitioner, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion recharacterized, or (b) the district court finds that, notwithstanding its designation, the motion should be considered as made under 28 U.S.C. § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather that have it so

recharacterized. Adams, 155 F.3d at 584; accord Castro v. United States,540 U.S. 375, 383 (2003) holding that when a court recharacterizes a pro se litigant's motion as a first § 2255 motion, it first must notify the litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has); Melton v. United States, 395 F.3d 855, 857 (7th Cir. 2004).

    The Court agrees that the instant petitions, notwithstanding their designation as Section 2241 applications, must be construed as being brought under 28 U.S.C. § 2255 because they seek to void Buczek's conviction on legal grounds. In accordance with Adams and Castro, the Court hereby warns Petitioner that his Petition and Amended Petition must be construed as being brought under 28 U.S.C. § 2255.  Petitioner is offered the option of withdrawing the Petition and Amended Petition if he does not wish to pursue relief under 28 U.S.C. § 2255. Petitioner must notify the Court in writing within thirty (30) days of the date of this Order whether he chooses (1) to withdraw the Petition and Amended Petition or (2) to go forward with the pending applications, which will be re-designated as a Section 2255 motion.

If Petitioner elects to withdraw the instant Petition and Amended Petition, he should be aware that any new motion filed under 28 U.S.C. § 2255 <u>must</u> be filed within the one-year statute of limitations period.[2]

Petitioner should also know that, with certain exceptions, a prisoner serving a federal sentence may bring only one Section 2255 petition without leave of the court; successive Section 2255 petitions must be authorized by the Second Circuit Court of Appeals.

The Court shall stay this action for thirty (30) days following the date of entry of this Order. If Petitioner fails to

---

[2]

AEDPA amended § 2255 to provide a one-year limitations period:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Here, the start date for the statute of limitations is found in § 2255(1)–the date on which Buczek's conviction becomes final. A judgment of conviction becomes final for purposes of § 2255 "when the Supreme Court 'affirms a conviction on the merits on direct review or denies a petition for a writ of <u>certiorari</u>, or when the time for filing a <u>certiorari</u> petition expires.' " <u>Moshier v. United States</u>, 402 F.3d 116, 118 (2d Cir. 2005) (quoting <u>Clay v. United States</u>, 537 U.S. 522, 527 (2003)).

notify the Court within thirty (30) days in accordance with this Order, the Petition and Amended petition shall be designated as a motion pursuant to 28 U.S.C. § 2255. The Court shall then proceed to rule on the Government's motion to dismiss.

### III. Orders

Wherefore, it is hereby

**ORDERED** that Petitioner notify the Court in writing within **thirty (30)** days of the date of this Order whether he elects (1) to withdraw the Petition and Amended Petition, or (2) to proceed with the Petition and Amended Petition, which shall be designated as a motion pursuant to 28 U.S.C. § 2255; and it is further

**ORDERED** that if Petitioner fails to notify the within **thirty (30)** days in accordance with this Order, the Petition and Amended petition shall be designated as a motion pursuant to 28 U.S.C. § 2255, and the Court shall then proceed to rule on the Government's motion to dismiss; and it is further

**ORDERED** that this proceeding shall be stayed from thirty (30) days from the date of entry of this Order.

**SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

DATED: August 26, 2011
Rochester, New York