UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



Shane-Christopher Buczek, a U.S. Trust

Plaintiff

v.

United States of America

Defendant(s).

NOTICE OF APPEAL

10 -cv- 383

Notice is hereby given that Shane-Christopher: Buczek [print your name].
The injured Party, Plaintiff See Rule 17a [identify yourself as plaintiff or defendant in the district court action]

in the above-named case, hereby appeals to the United States Court of Appeals for the Second

Circuit from ✓ all _____ part [check one] of the decision of this Court entered on

September 29, 2011. See 77 LED 1356, 289 US 516 O'Donoghue v. U.S.

[Complete the next section only if you are not appealing the whole order.] I am appealing
from the part of the order which Reason Issue for Appeal "Due Process" lacking
a Constitutional quorum under U.S. Constitution 18 USC
(H.R. 3190) Show 44 Congressional members of the House of Representatives

Dated: October 24, 2011        By: Shane-Christopher: Buczek
                                    Signature

not the Constitionaly required 218
See Article I, Sec. 5, Cl. 1.      Shane-Christopher: Buczek
                                    Print Your Name UCC 1-308
Due Process is a guarantee         Appearing Pro Se
Carol Bond V. U.S.                 Address:
2011 US Lexis 4558, 22 Fla L.      c/o 7335 Derby Road
Weekly Fed. S 1156 No. 09-1227    Derby, New York [14047]
                                   Telephone: 716-947-5384

U.S. Department of Justice

United States Attorneys Office

Western District of New York

Federal Centre
138 Delaware Avenue
Buffalo, New York 14202

716-843-5700
716-551-3052 (fax)

September 29, 2011

Shane Christopher Bucek, 90656-111
Loretto Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Loretto, PA 15940

Re:  *Buczek v. Constructive Statutory Trust, et al.*
10-CV-382, 383 and 384

Dear Mr. Buczek:

Today, September 29, 2011, District Judge Michael A. Telesca filed three Decisions and Orders converting your §2241 petitions to §2255 petitions, denying all forms of relief you sought, and dismissing your §2255 petition.

Two things are significant:

First, in his Decisions and Orders, at page 16, Judge Telesca wrote that you "failed to make a substantial showing of a Constitutional right," and on that basis, denied you a "certificate of appealability." This means that you may not file a notice of appeal unless you first move before the Second Circuit for a "certificate of appealability" and the Second Circuit grants your motion and issues such a certificate.

Second, since the Court "converted" your §2241 petitions to §2255 petitions and then denied them, you may not, except under very limited circumstances, file "second or successive" petitions for post-conviction relief (and if you do, we will simply move to dismiss them as "second or successive" §2255 petitions). *See* 28 U.S.C. §2255 (copy enclosed).

Very truly yours,

WILLIAM J. HOCHUL, JR.
United States Attorney

BY:  ANTHONY M. BRUCE
Assistant U.S. Attorney
Senior Litigation Counsel

AMB/lr
Enclosures




US OFFICIAL MAIL
$300 Penalty
For Private Use
US POSTAGE
045J763094  $2.68⁰  09/29/2011
Mailed From 14202
neopost

Kby

Shane Christopher Bucek, 90656-111
Loretto Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Loretto, PA 15940

Legal Mail

the court may appoint counsel, except as provided by a rule promulgated by the Supreme Court pursuant to statutory authority. Appointment of counsel under this section shall be governed by section 3006A of title 18.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

(June 25, 1948, c. 646, 62 Stat. 967; May 24, 1949, c. 139, § 114, 63 Stat. 105; Apr. 24, 1996, Pub.L. 104–132, Title I, § 105, 110 Stat. 1220.)

## HISTORICAL AND STATUTORY NOTES

### References in Text

Section 408 of the Controlled Substances Act, referred to in text, is classified to section 848 of Title 21, Food and Drugs.

### Approval and Effective Date of Rules Governing Section 2254 Cases and Section 2255 Proceedings For United States District Courts

Pub.L. 94–426, § 1, Sept. 28, 1976, 90 Stat. 1334, provided: "That the rules governing section 2254 cases in the United States district courts and the rules governing section 2255 proceedings for the United States district courts, as proposed by the United States Supreme Court, which were delayed by the Act entitled 'An Act to delay the effective date of certain proposed amendments to the Federal Rules of Criminal Procedure and certain other rules promulgated by the United States Supreme Court' (Public Law 94–349), are approved with the amendments set forth in section 2 of this Act and shall take effect as so amended, with respect to petitions under section 2254 and motions [sections 2254 and 2255 of this title] under section 2255 of title 28 of the United States Code filed on or after February 1, 1977."

### Postponement of Effective Date of Proposed Rules and Forms Governing Proceedings Under Sections 2254 and 2255 of this Title

Rules and forms governing proceedings under this section and section 2254 of this title proposed by Supreme Court order of Apr. 26, 1976, effective 30 days after adjournment sine die of 94th Congress, or until and to the extent approved by Act of Congress, whichever is earlier, see section 2 of Pub.L. 94–349, set out as a note under section 2074 of this title.

### CROSS REFERENCES

Rules Governing Section 2255 Proceedings in the United States District Courts are set out ante, following the Rules Governing Section 2254 Cases in the United States District Courts.

## [§ 2256. Omitted]

### HISTORICAL AND STATUTORY NOTES

#### Codifications

This section as added by Pub. L. 95–598, Title II, § 250(a), Nov. 6, 1978, 92 Stat. 2672, effective June 28, 1984, pursuant to Pub. L. 95–598, Title IV, § 402(b), Nov. 6, 1978, 92 Stat. 2682, as amended by Pub. L. 98–249, § 1(a), Mar. 31, 1984, 98 Stat. 116; Pub. L. 98–271, § 1(a), Apr. 30, 1984, 98 Stat. 163; Pub. L. 98–299, § 1(a), May 25, 1984, 98 Stat. 214; Pub. L. 98–325, § 1(a), June 20, 1984, 98 Stat. 268 [set out as an Effective and Applicability Provisions note preceding section 101 of Title 11, Bankruptcy], read as follows:

§ 2256. Habeas corpus from bankruptcy courts

A bankruptcy court may issue a writ of habeas corpus—

(1) when appropriate to bring a person before the court—

(A) for examination;

(B) to testify; or

(C) to perform a duty imposed on such person under this title; or

(2) ordering the release of a debtor in a case under title 11 in custody under the judgment of a Federal or State court if—

(A) such debtor was arrested or imprisoned on process in any civil action;

(B) such process was issued for the collection of a debt—

(i) dischargeable under title 11; or

(ii) that is or will be provided for in a plan under chapter 11 or 13 of title 11; and

(C) before the issuance of such writ, notice and a hearing have been afforded the adverse party of such debtor in custody to contest the issuance of such writ.

Section 402(b) of Pub. L. 95–598 was amended by section 113 of Pub. L. 98–353 Title I, July 10, 1984, 98 Stat. 343, by substituting "shall not be effective" for "shall take effect on June 28, 1984", thereby eliminating the amendment by section 250(a) of Pub. L. 95–598, effective June 27, 1984, pursuant to section 122(c) of Pub. L. 98–353, set out as an Effective and Applicability Provisions note under section 151 of this title.

Section 121(a) of Pub. L. 98–353 directed that section 402(b) of Pub. L. 95–598 be amended by substituting "the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984 [i.e. July 10, 1984]" for "June 28 1984". This amendment was not executed in view of the prior amendment to section 402(b) of Pub. L. 95–598 by section 113 of Pub. L. 98–353.

#### Prior Provisions

A prior section 2256, added Pub. L. 95–144, § 3, Oct. 28, 1977, 91 Stat. 1220, which related to jurisdiction of proceedings relating to transferred offenders, was transferred to section 3244 of Title 18, Crimes and Criminal Procedure, by Pub. L. 95–598, Title III, § 314(j), Nov. 6, 1978, 92 Stat. 2677.

*March 25, 2010*

※ **§ 5. -Plea of guilty.** ※

Superseded by 101 L Ed 2d 1017

## II. Federal prosecutions

### § 6. In general.

[Supplementing 93 L ed 146.]

Under the rule of Johnson v Zerbst (1938) 304 US 458, 82 L ed 1461, 58 S Ct 1019, 146 ALR 357 (cited in the original annotation in 93 L ed at p. 146, footnote 14), a federal trial without counsel and without competent and intelligent waiver of counsel bars a conviction of the accused. United States v Morgan (1954) 346 US 502, 98 L ed 248, 74 S Ct 247.

As a matter of federal practice, one convicted of crime who challenges in the Court of Appeals a certification of the trial court under 28 USCS § 1915 that his appeal is not taken in good faith must be afforded the aid of counsel unless he insists on being his own.11 Johnson v United States (1957) 352 US 565, 1 L ed 2d 593, 77 S Ct 550.

Likewise, as a matter of federal practice, an application for leave to appeal in forma pauperis, under 28 USCS § 1915, should normally not be denied until the indigent has had adequate representation by counsel; representation in the role of an advocate is required. Ellis v United States (1958) 356 US 674, 2 L ed 2d 1060, 78 S Ct 974.

On the other hand, no rule bars federal officers from refraining from interrogating a suspect before giving him an opportunity to secure counsel. Cicenia v La Gay (1958) 357 US 504, 2 L ed 2d 1523, 78 S Ct 1297.

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

```
0 ,0 ( I9HUVIRQ II II
)LRP ZHEP DWHLI# Q\Z GKVFRXUWURY
7RI& RXUP DI# Q\Z GKVFRXUWURY
%FF I
II& DVH3 DUFISDQWII& QWKRQ\ IIIFXFHIDQWKRQ\ P EUXFH# XVGRMRYIIDXLD UJHUV# XVGRMRYIIIO DUDUHW
$ II' DHIIO/RZ GQ\# SURVNDXHULFRP IP GDOL# SURVNDXHUIIIO HWDI1 RH6 XEHIFN
IP VLP H# KRGVRQVV FRP IP VXEHIFN# KRGVRQVV FRP III+ RQ IIO IFKDHO $ II7HOIVFD
IRDQBFRXWP DQ# Q\Z GKVFRXUWURYIP DLIBKHLHRIDDUP D# Q\Z GKVFRXUWURYI
P DLBNIIDQ# Q\Z GKVFRXUWURYIP HOVDBVFKRHQ# Q\Z GKVFRXUWURYI
II1 RQ I& DVH3 DUFISDQWIIg QGHZ IO RHILIDQGUHZ BP RHLH# Q\Z GKVFRXUWURYI
II1 R II RWFH6 HQW

0 HVVDJH, GII IIIIIII# Q\Z GKVFRXUWURYI
6XEHFW& FW\ \II& DVHIIIIII FYIIIIIIIIIO $ 7 I&XF]HNIYIK& RQVWKXFW\H6WDWKWRU\ 7UXVWHW DO--XGJP HQW
```
Content-Type: text/html

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. DISTRICT COURT

## U.S. District Court, Western District of New York

### Notice of Electronic Filing

The following transaction was entered on 9/30/2011 at 1:47 PM EDT and filed on 9/30/2011
**Case Name:**          Buczek v. Constructive Statutory Trust et al
**Case Number:**        1:10-cv-00383-MAT
**Filer:**
**WARNING: CASE CLOSED on 09/29/2011**
**Document Number:** 29

**Docket Text:**
**JUDGMENT in favor of United States of America against Shane Christopher Buczek. Signed by Michael J. Roemer, Clerk of Court, on 9/30/11. (DR)**

1:10-cv-00383-MAT Notice has been electronically mailed to:

Anthony M. Bruce anthony.m.bruce@usdoj.gov, Laura.Rogers@usdoj.gov

AO 450 (Rev. 5/85) Judgment in a Civil Case

# United States District Court

WESTERN DISTRICT OF NEW YORK

Shane Christopher Buczek  **JUDGMENT IN A CIVIL CASE**
CASE NUMBER: 10-CV-383

v.

Constructive Statutory Trust; et al,

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the Petition, Amended Petition, and all of the habeas claims raised in the Motion for Leave to Amend are converted to applications under 28 U.S.C. 2255. That the Government's Motion to Dismiss is granted and the Petition, Amended Petition are dismissed with prejudice. That all of habeas claims raised in the Motion for Leave to Amend are denied with prejudice. That Petitioner's Motion for Leave to Amend is granted. insofar as all respondents except the United States of America are dismissed from this action. The Motion to Dismiss filed by respondent Depository Trust Corporation is dismissed as moot. Petitioner's Motion for Judgment on the Pleadings.

Petitioner's Motion for Judgment on the Pleadings; Motion to Take Judicial Notice of the Determination by the Department of Justice that "Title 18 (1948) [sic] is Unconstitutional and of the Fair Warning Doctrine"; and "Motion/Petition for Determination of a Question of Jurisdiction" are dismissed are dismissed as moot.

A certificate of appealability shall not issue and leave to appeal as a poor person is denied.

Date: September 30, 2011                    MICHAEL J. ROEMER, CLERK

                                            By:s/ Diane Radloff
                                                 Deputy Clerk

# Quorum Requirements in Committee

House Rule XI, clause 2 establishes minimum quorum requirements for eight areas of committee activity. **Table 1** summarizes these requirements.

**Table 1. Minimum Quorum Requirements**

| Action | Minimum Quorum | Rule XI, Clause 2 |
|---|---|---|
| To report a measure or recommendation | A majority of committee, "actually present" | (h)(1) |
| To authorize and issue a subpoena | A majority of the committee | (m)(3) |
| To meet in executive session | A majority of the committee | (g)(1) |
| To make public evidence taken in executive session | A majority of the committee | (k)(7) |
| To take evidence or testimony in open session after assertion that it defames, degrades or incriminates | A majority of the committee | (k)(5) |
| To take testimony or receive evidence at a hearing | Two members | (h)(2) |
| To close a hearing where assertion of defamatory testimony or evidence is made | A majority of the committee | (k)(5) |
| To take any action "other than reporting" | One-third of membership | (h)(3) |

Source: Wm. Holmes Brown and Charles W. Johnson's *House Practice; A Guide to the Rules, Precedents, and Procedures of the House* (Washington: GPO, 2003).

Committees have some discretion in adjusting the minimum quorum requirements mandated in House Rule XI under the provision in the same rule that committee rules "shall not be inconsistent with the Rules of the House." For example, rules of the Budget Committee state that all business shall be conducted by a majority of the committee. (House rules require a majority to report measures, but a one-third quorum to conduct most other business.)

# Quorums in the House

Rules and practices for quorums in the House derive from Article I of the Constitution. Clause 1 of Section 5 states in part that "a Majority of each [House] shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House provide." Thus, the quorum for conducting business in the House is 218 Representatives.

House Rule XX provides the authority for quorum calls in the House. The rule permits the Speaker at her discretion to recognize a motion for a call of the House at any time, and to require in the absence of a quorum the attendance of absent Members. Under Rule XX, a quorum call is also mandated whenever objection is raised to a vote taken in the absence of a quorum. This type of quorum call is considered an "automatic" call since it does not require a motion.

Much of the House's legislative business, including almost all amending procedures, is conducted in the Committee of the Whole rather than in the full House. House Rule XVIII, clause 6 establishes that a quorum in the Committee of the Whole shall consist of 100 Members. Although